This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANDREA MARY WHITE,**

Petitioner-Appellee,

v.                                                                    NO.   32,048

**DAVID CHRISTOPHER WHITE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Andrea Mary White
Albuquerque, NM

Pro Se Appellee

David Christopher White
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

This is a divorce case. David Christopher White (Father) appeals from the order adopting the hearing officer's recommendations. We issued a calendar notice proposing to affirm the decision of the district court, and we have received a response from Father. We have considered Father's arguments, and we are not persuaded by them. We affirm.

Father continues to claim that his income tax return, which includes "write-offs" for business expenses, was credible proof of his self-employment income. We pointed out that Father did not present documents in support of his "profit and loss statement." [RP 96] The district court rejected some of Father's claims, including his calculations regarding expenses used to produce income. Father contends that the district court's actions amount to "injustice." [MIO unnumbered page 2] Father's contentions do not persuade us that the district court abused its discretion in accepting some of Father's evidence and rejecting other evidence. *See Major v. Major*, 1998-NMCA-001, ¶¶ 4, 7, 124 N.M. 436, 952 P.2d 37 (applying abuse of discretion standard to calculation of child support and limitations on business expenses for a self-employed individual).

Father again argues that child care costs of $40 per month should not have been included in the child support calculations. Father claims that there was no proof presented to warrant the expense. [MIO unnumbered page 2] Father states that he

preserved the argument by filing an objection to the hearing officer's report. [Id.] As discussed in our notice, Father merely stated that the child care amount was included, that it should be deleted, and that "[t]he only child in this case is 16 years old." [RP 103-04] For preservation purposes, it was up to Father to provide an explanation to the district court for why the expense should not be included on the worksheet and to point to evidence in support of his request that the expense be deleted. As we explained, Father's statement that the only child was sixteen years old at the time his objections were filed did not alert the district court to the argument he now makes on appeal that the child, at the time of the award, was fifteen and not in need of child care. In addition, Father did not present evidence to support his claim that the child was not in need of $40 in child care per month. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 (stating that mere assertions and arguments of counsel do not constitute evidence). Father's arguments were not properly preserved for appeal.

In his docketing statement, Father claimed financial hardship and contended that Andrea Mary White (Mother) had failed to comply with the MSA by removing Father's name from all community debt. Father requested relief by asking this Court to order Mother to sell the home so that the community debt could be paid. In the memorandum in opposition, Father now claims that the district court made

3

contradictory findings and abused its discretion in asserting jurisdiction with regard to interpretation of the MSA, but refusing to assert jurisdiction with regard to making changes to the MSA. [MIO unnumbered pages 2-3] Father again claims that his arguments were preserved when he filed his objections to the hearing officer's report.

The MSA provided that Mother would keep the home and that equity in the home would be "applied to debt, so that [Father's] share of debt is offset by that amount." [RP 6] The MSA assigned the ownership and debt for the Mustang to Father. [RP 7] The list of assets and debts assigned responsibility for the mortgage and mortgage arrears to Mother. [RP 12] There is not a listing for tax liability for 2007. The MSA was incorporated into the final decree. [RP 1]

In the objections to the hearing officer's report, Father sought to add language to the MSA that would change the agreement between the parties. Father wanted language added that would require Mother to apply to refinance the home within one month and, if refinancing was not accomplished within two months, Mother would be required to sell the home to pay debts, including a 2007 tax liability and the debt owed on the Mustang, a vehicle for which Father was liable. [RP 72] In other words, Father's request to add language to the MSA was not an objection to the hearing officer's report. Instead, his request was a new argument not previously brought to

4

the attention of the district court and amounted to a motion to add new terms to the contract between the parties—terms that would require Mother to use her assets to pay off debts, including at least one debt owed by Father. The district court could interpret the agreement to determine that Father was responsible for the debt on the Mustang. *See Weddington v. Weddington*, 2004-NMCA-034, ¶ 21, 135 N.M. 198, 86 P.3d 623. However, Father does not provide a basis, and we find none in the record before us, that would have allowed the district court to alter the contract between the parties as requested by Father.

For the reasons discussed in this Opinion and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____

**TIMOTHY L. GARCIA, Judge**